United States Courts
Southern District of Texas
FILED

JAN 04 2019

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | CRIMINAL NO. 19 CR 002 |
| v. § | |
| § | Count 1: 18 U.S.C. § 641 |
| JOHN ADEL BROWN, § | Count 2: 18 U.S.C. § 1040 |
| Defendant. § | |

## CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

### GENERAL ALLEGATIONS

At all times material to this Information:

I. **FEMA**

1. The Federal Emergency Management Agency ("FEMA") was an agency within the Department of Homeland Security ("DHS"), a department of the executive branch of the Government of the United States.

2. In August 2017, Hurricane Harvey struck the state of Texas, including the Houston area, within the Southern District of Texas. In response, on August 25, 2017, President Donald Trump issued a major disaster declaration under section 401 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, Title 42, United States Code, Section 5121 *et seq.* (the "Stafford Act"), for Houston and the surrounding area (FEMA DR-4332). Based on this declaration, FEMA was authorized to provide Individual and Direct Assistance and any other form of assistance under the Stafford Act deemed appropriate including the following:

  a. Critical Needs Assistance, which was financial assistance to individuals and households who, as a result of the disaster, had immediate or critical needs because they were

1

displaced from their primary dwelling.

b.  Rental Assistance, which was financial assistance to pre-disaster homeowners or renters to rent temporary housing when an applicant was displaced from their primary residence.

c.  Transitional Sheltering Assistance, which was financial assistance to pre-disaster homeowners or renters who had a continuing need for shelter to provide short-term lodging in a participating hotel/motel.

3.  The United States Department of the Treasury provided disaster assistance payments either by sending checks through the U.S. mail to the applicant, by electronic funds transfer ("EFT") to a bank account specified by applicant, or, in the case of Transitional Sheltering Assistance, by payments made directly to the participating hotel/motel.

## COUNT ONE

### Theft of Government Property
### (Title 18, United States Code, § 641)

1.  Paragraphs one through three of the General Allegations are re-alleged and incorporated herein by reference, as if fully set forth herein.

2.  Between on or about September 4, 2017, and continuing through in or about April 2018, in the Southern District of Texas, the defendant,

**JOHN ADEL BROWN,**

did knowingly and willfully embezzle, steal, and convert to his own use or the use of another, money of FEMA, a department or agency of the United States, namely Critical Needs Assistance, Rental Assistance, and Transitional Sheltering Assistance payments to which he knew he was not entitled, having a value of approximately $51,218.20.

All in violation of Title 18, United States Code, § 641.

## COUNT TWO

### Fraud in Connection with a Major Disaster or Emergency Benefits
### (18 U.S.C. § 1040(a)(1))

1. Paragraphs one through three of the General Allegations are re-alleged and incorporated herein by reference, as if fully set forth herein.

2. Beginning on or about September 4, 2017, and continuing through on or about November 9, 2017, in the Southern District of Texas, the defendant,

**JOHN ADEL BROWN,**

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud the United States of America and FEMA to obtain money or a thing of value from FEMA by means of materially false and fraudulent pretenses and representations, knowing and having reason to know that such pretenses and representations were and would be materially false and fraudulent when made and caused to be made.

3. Beginning on or about September 4, 2017, and continuing until on or about November 9, 2017, within the Southern District of Texas, the defendant, **JOHN ADEL BROWN,** made materially false, fictitious, and fraudulent statements and representations to FEMA in an application for benefits authorized, transported, transmitted, disbursed, and paid with FEMA funds in connection with the Presidential Disaster Declaration for the Houston area issued on August 25, 2017, said declaration having been made under the Stafford Act and the benefit referenced above concerned a record, voucher, payment, money, or thing of value of the United States or any department or agency thereof; that is, the defendant, **JOHN ADEL BROWN,** knowingly and fraudulently represented to FEMA, during the application process for assistance pertaining to residential damage caused by Hurricane Harvey, that the townhome located at 13716 Hollowgreen Dr., Houston, TX 77082 and his personal property located inside the townhome had been damaged

3

by Hurricane Harvey, when in fact, as he then and there knew, the townhome and his personal property had not been damaged by Hurricane Harvey as he represented.

4. It was part of the scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses and representations that the defendant, **JOHN ADEL BROWN,** applied for FEMA assistance by falsely stating that the townhome located at 13716 Hollowgreen Dr. Houston, TX 77082 and his personal property located inside the townhome had been damaged by Hurricane Harvey when, as he well then and there knew, the townhome and his personal property had not been damaged by Hurricane Harvey as claimed.

5. As a result of this scheme, the defendant, **JOHN ADEL BROWN,** received benefits from FEMA as described in Title 18, United States Code, Section 1040. Specifically, the defendant received $500 in Critical Needs Assistance, paid to him by check; $1,742 in Rental Assistance, paid by EFT into his bank account; and $48,976.20 in Transitional Sheltering Assistance, paid directly to participating hotels; for a total of $51,218.20.

All in violation of Title 18, United States Code, Section 1040.

### NOTICE OF CRIMINAL FORFEITURE
### (28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C))

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the defendant,

**JOHN ADEL BROWN,**

that in the event of conviction of the offenses charged in this Indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

## Money Judgment and Substitute Assets

The United States may seek imposition of a money judgment against the defendant. In the event that a condition listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendant in substitution up to the total value of the property subject to forfeiture.

RYAN K. PATRICK
United States Attorney

By: _____
Benjamin C. Sandel
Special Assistant United States Attorney
713-567-9726